UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARK MUCKENFUSS

                Plaintiff,

v.                                               Case No. 5:05-cv-261-Oc-10GRJ

THE HANOVER INSURANCE
COMPANY, a corporation authorized
and doing business in the State of Florida,

                Defendant.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion To Remand. (Doc. 10.) Defendant has filed a response to Plaintiff's motion (Doc. 12), and the matter is now ripe for the Court's review. For the reasons discussed below, Plaintiffs' Motion To Remand is due to be **DENIED**.

## I. BACKGROUND & FACTS

On April 26, 2005, Plaintiff filed a complaint in the Circuit Court, Fifth Judicial Circuit, In And For Marion County, Florida against The Hanover Insurance Company ("Hanover") for breach of contract and for declaratory relief alleging that Hanover failed to pay the Plaintiff under his homeowner's policy for damages to Plaintiff's residence as a result of a sinkhole. Plaintiff alleges in his Complaint that the damages exceed fifteen thousand dollars. In the *ad damnum* clause in the Complaint Plaintiff demands judgment

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

for all covered losses with interest on any overdue payments, and attorney's fees and costs.[2] Defendant was served with the summons and a copy of the Complaint on May 6, 2005.[3]

On June 6, 2005, Defendant removed this action on the basis of diversity of citizenship under 28 U.S.C. §1332, alleging that Plaintiff is a citizen of Florida and that it is incorporated under the laws of Delaware with its principal place of business in Hanover, Massachusetts.  Hanover alleges that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest, costs and attorney's fees in that the repair estimates for the dwelling and claims for moving and additional living expenses exceed $75,000.00. According to Hanover, the homeowner's insurance policy issued to Plaintiff contains policy limits of $145,000 for Coverage A,[4] for the dwelling, $14,500 for Coverage B, for other structures, $101,500 for Coverage C, for personal property, and $29,000 for Coverage D for loss of use.

On September 8, 2005, more than two months after this action was removed, Plaintiff filed his motion to remand, contending that the amount in controversy does not exceed $75,000.00. According to Plaintiff, Defendant already has offered him a total payment of $116,205.00 and that Defendant paid him the sum of $72,984.75 on March 21, 2005. Therefore, under Plaintiff's calculation the amount in controversy is the

---

[2] *See* Complaint, Doc. 2.

[3] *See* Notice of Removal, Doc. 1, ¶6.

[4] Hanover represents in its Response (Doc. 12) that the policy contains an Inflation Guard Endorsement and that at the time of the loss Plaintiff had earned an Inflation Guard Increase so that the policy limits for Coverage A (the structure) were increased to $148,190.00.

difference between the dwelling coverage of $145,000.00 and the $116,205.00 offered by Hanover.

## II. **DISCUSSION**

It is "by now axiomatic that the inferior federal courts are courts of limited jurisdiction," empowered "to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution and which have been entrusted to them by a jurisdictional grant authorized by Congress."[5] A defendant may "remove a case to federal court only if the district court could have had jurisdiction over the case had the case been brought there originally."[6]

Where a plaintiff has objected to a defendant's removal, the burden of proof is on the defendant, as the removing party, to show that the action was properly removed.[7] This burden can be an onerous one, as district courts construe removal statutes narrowly,[8] and are encouraged to resolve all doubts about jurisdiction in favor of remand to state court.[9] Where, as here, the plaintiff alleges an unspecified demand for

---

[5] University of South Alabama v. The American Tobacco Company, 168 F.3d 405, 409 (11th Cir. 1999).

[6] Whitt v. Sherman International Corp., 147 F.3d 1325, 1329 (11th Cir. 1998).

[7] Woods v. Firestone Tire & Rubber Co., 560 F.Supp. 588, 590 (S.D.Fla. 1983).

[8] Burns v. Windsor Insurance Co., 31 F. 3d 1092, 1095 (11th Cir. 1994).

[9] University of South Alabama at 411. ("A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.")

damages in the state court,[10] a removing defendant must prove by a preponderance of the evidence that the amount in controversy more than likely exceeds the [$75,000] jurisdictional requirement."[11]

Although, the parties have not addressed the issue of the timeliness of the Plaintiff's Motion To Remand, the Court will briefly address this issue because the motion to remand was filed almost two months after this action was removed. Under 28 U.S.C. § 1447(c), motions to remand, "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal ... " Thus, any challenges to procedural defects in the removal must be made within thirty days or the challenges are deemed waived, while grounds directed at the issue of whether the Court has subject matter jurisdiction are not waived if the Plaintiff

---

[10] Plaintiff alleged in the *ad damnum* clause in the state court complaint simply that the damages requested were "in excess of $15,000."

[11] Tapscott v. MS Dealer Service Corp., 77 F. 3d 1353, 1359-60 (11th Cir. 1996). Plaintiff argues in his memorandum that the Court should apply a "legal certainty" standard. It is clear, however, that "a defendant seeking removal based on diversity of jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75, 000 jurisdictional requirement." See Leonard v. Enterprise Rent A Car, 279 F.3d 967972 (11th Cir. 2002); see also Kirkland v. Midland Mortgage Company, 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001). Indeed, although the case law is somewhat confusing on this issue, with courts occasionally using the standards interchangeably, there is an important distinction between the "legal certainty" standard and the "preponderance of the evidence standard." The "preponderance of the evidence" standard is applicable in those cases where the defendant exercises his statutory right to remove a case to federal court, as the defendant has removed the case to federal court and therefore has the burden to establish the basis for jurisdiction upon removal. On the other hand, a plaintiff "is still the master of his own claim," and, in cases that originate in federal court, the court, in evaluating a plaintiff's claim for damages and whether that claim is due to be dismissed for lack of subject matter jurisdiction, must determine whether it appears to a "legal certainty that plaintiff's claim is actually for less than the jurisdictional amount." Burns v. Windsor Insurance Co., 31 F.3d 1092, 1094 (11th Cir. 1994). Thus, the court must utilize the "legal certainty" standard in determining whether to dismiss an action for lack of subject matter jurisdiction, but employ the "preponderance of the evidence" standard in evaluating whether removal is proper.

fails to file a motion to remand within 30 days of removal.[12] Because the Plaintiff's challenge does not relate to any defect in the removal process but rather relates to whether the Court has subject matter jurisdiction, Plaintiff's failure to file the motion to remand within thirty days of removal is not fatal to Plaintiff's motion.

Turning to the merits of Plaintiff's motion to remand, however, the Court determines that the Defendant has met its burden based upon a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The policy limits on the dwelling coverage under the Hanover policy is $148,190.00 taking into account the increase that applies under the Inflation Guard Endorsement.[13] On March 21, 2005 Hanover paid the Plaintiff $72,984.75[14] resulting in a difference of $75,205.25 as the sum Plaintiff could recover in this suit under only Coverage A for structural damage to the dwelling, a sum in excess of the $75,000.00 jurisdictional threshold for this Court.

Plaintiff's argument that the amount in controversy is the difference between the policy limits under the dwelling coverage of $145,000.00 and the $116,205, offered by the Defendant incorrectly focuses on the "cash out" figure of $116,205 offered by Defendant in March 2005 and does not even include the Inflation Guard increase in calculating the policy limits for the dwelling coverage. While Plaintiff might have been able to accept this offer in response to the March 21, 2005 settlement letter from

---

[12] *See, e.g.* Yanez v. Humana Medical Plan, Inc., 969 F.Supp. 1314 (S.D. Fla. 1997); Geothermal Resource Group, Inc. V. Puna Geothermal Venture, 216 F.Supp.2d 1133, 1135 (D. Haw. 2001).

[13] Doc. 12, Ex. A and Doc. 10, Ex. (C)(2).

[14] Doc. 10, Ex. E.

Defendant,[15] that offer was made before suit was filed and there is nothing else of record that discloses that at the time this case was removed that the $116,205 "cash out" amount was the only sum sought by Plaintiff. Just like a settlement letter may not be considered an "other paper" for purpose of determining whether the right to remove has been triggered,[16] a settlement letter - especially from a defendant - cannot be relied upon as dispositive of the amount in controversy.[17] If that was the case a defendant could always defeat federal diversity jurisdiction through the simple expedient of sending a settlement letter to the plaintiff for an amount below the jurisdictional limit of the court and then rely on the letter to argue that the amount in controversy is less than the Court's jurisdictional limit.

To be sure that the amount in controversy is not limited to the $116,205 "cash out" offer by Hanover, there is no mention in the Complaint - nor anywhere else in the record - that the Plaintiff is only suing Hanover for the difference between the "cash out" of $116, 205 and the policy limits for dwelling coverage.[18] To the contrary, in Plaintiff's Complaint he "demands judgment ... for all covered losses" and alleges that he

---

[15] Doc. 10, part 6, Ex. D.

[16] *See, e.g.* Jade East Towers Developers v. Nationwide Mutual Insurance Company, 936 F. Supp. 890 (N.D. Fla. 1996).

[17] *See,* Corlew v. Denny's Restaurant, Inc., 983 F.Supp. 878, 880 (E.D. Mo. 1997)("the mere existence of a settlement demand is not dispositive of the issue of the jurisdictional amount.")

[18] Plaintiff also argues that the Court should not include any claims for damages, other than claims on the dwelling because he has not made any claims for damaged property under the coverage for other structures, for damaged personal property or for additional living expenses under the coverage for loss of use. While Plaintiff claims in paragraph 4 of the Complaint that he "has lost the use of Plaintiff's property" - which is directly contrary to Plaintiff's suggestion that he has continued to live on the property - the Court does not need to address these claims because the fact remains that the claim for loss of the dwelling exceeds $75,000.00.

sustained a covered loss to his dwelling and lost the use of his property. The Complaint does not limit these damages in any way to an amount below the jurisdictional threshold of this Court.

Plaintiff also points to an affidavit he filed[19] in support of his position that the amount in controversy does not exceed the sum of $75,000.00. Plaintiff's affidavit merely recites that "The amount of damages in controversy in my case, including attorney's fees does not exceed $75,000 at the present time." The affidavit is dated August 31, 2005, almost three months after this case was removed. The law is well settled in the Eleventh Circuit that the Court must determine whether it had subject matter jurisdiction at the time of removal and that the Court should not take into account post removal events.[20]

However, even assuming that the Plaintiff had stated in the affidavit that the amount in controversy was less than $75,000.00 at the time the case was removed, the affidavit is, nonetheless, insufficient to show that the claim in this case is for less than the jurisdictional amount. Plaintiff does not stipulate in the affidavit that he will only seek damages less than $75,000.00 nor does Plaintiff provide any information or other facts to support his conclusory statement that the amount in controversy is less than $75,000.00. When a plaintiff, as here "after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does

---

[19] Doc. 10, Ex. B.

[20] Poore v. American-Amicable Life Insurance Company of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000).

not deprive the district court of jurisdiction."[21] "If a plaintiff wants to prevent removal by filing a binding stipulation or affidavit, he must file it in state court before removal."[22] The affidavit filed by Plaintiff is neither a stipulation that he will not seek damages in excess of $75,000.00 nor is it informative as to why the damages are less than $75,000.00. The Court can only assume the predicate for Plaintiff's conclusory assertion that his claim does not exceed $75,000.00 is the same argument his counsel has presented in the motion to remand. As such, the affidavit filed by Plaintiff fails to support his request that this action should be remanded.

## III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiffs' Motion To Remand (Doc. 10) be **DENIED**.[23]

**IN CHAMBERS** in Ocala, Florida, on this 28th day of October, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
  Honorable Wm. Terrell Hodges
  Senior United States District Judge

  Counsel of Record

---

[21] Hill v. Hom/Ade Foods, Inc., 136 F. Supp.2d 605, 607 (W.D. La. 2000)(citing St. Paul Mercury Indemnity Co. V. Red Cab Co., 303 U.S. 283 (1938)).

[22] Id. at 607.

[23] Because the Court found it unnecessary to obtain additional information in order to resolve Plaintiff's motion to remand, and in keeping with the Local Rules of this Court that do not permit reply briefs, Plaintiff's Motion For Leave Of Court To File Reply To Defendant's Response (Doc. 14) is due to be **DENIED**.