UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARK MUCKENFUSS,

          Plaintiff,

-vs-                                                Case No.  5:05-cv-261-Oc-10GRJ

THE HANOVER INSURANCE COMPANY,
a corporation authorized and doing
business in the State of Florida,

          Defendant.
_____

## **O R D E R**

This case is before the Court for consideration of the Plaintiff's Motion to Confirm Appraisal Award and Entry of Judgment (Doc. 29), to which the Defendant has responded (Doc. 30).  On February 21, 2007, the Court held a hearing on the motion, which is ripe for review and due to be granted.

On April 26, 2005, the Plaintiff filed an action against the Defendant in the Circuit Court in and for Marion County, Florida.  In his Complaint, the Plaintiff alleged that he suffered a covered loss under his homeowner's insurance policy - which was issued by the Defendant - and that the Defendant had failed to pay for the covered loss in breach of the terms of the policy.  The loss was attributable to a sinkhole that occurred on the Plaintiff's property.

On June 6, 2005, the Defendant removed the state court action to this Court.  The Defendant then filed a timely Answer to the Complaint, admitting the existence of a covered

loss, put disputing the amount of that loss and contending that it had not breached the terms of the policy. The Defendant also asserted various affirmative defenses, concerning both alleged failures by the Plaintiff to comply with the terms of the policy and the amount of the covered loss. Namely, the Defendant asserts that: (1) the Plaintiff failed to mitigate his damages; (2) the Plaintiff breached his duty to protect the property; (3) the Plaintiff filed the action without mitigating his damages and without protecting the property, thus breaching the contract; (4) the "Plaintiff is not entitled to recover more than the limits of coverage set forth in the contract;" (5) the Plaintiff is not entitled to recover living expenses not actually incurred; (6) "[t]o the extent that Plaintiff is seeking to recover proceeds for any coverages which require the Plaintiff to incur damages or expenses prior to such coverage being afforded, Plaintiff is not entitled to recovery of said proceeds under the subject policy;" and (7) the Defendant is entitled to set-off for amounts already paid to the Plaintiff.

On January 27, 2006, after this action had been filed and after the Defendant had filed its Answer and affirmative defenses, the Plaintiff demanded appraisal pursuant to the insurance policy. The policy contained the following appraisal provision:

> Demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:

2

>    a. Pay its own appraiser; and
>    b. Bear the expenses of the appraisal and umpire equally.

On March 3, 2006, the Plaintiff filed an unopposed motion to compel appraisal and abate litigation, which the Magistrate Judge granted (Doc. 22).

In May 2006, after selection of an umpire by the parties, the umpire made his decision and prepared an appraisal, which was endorsed by the Plaintiff's appraiser. The umpire determined that the amount of loss to the dwelling and other structures was $154,923.75: $140,423.75 for the dwelling and $14,500.00 for other structures - a swimming pool. In addition, the appraisal awarded $9,000.00 for living expenses, which would be reimbursed upon presentation of invoices.[1] Prior to the appraisal, the Plaintiff received $72,984.75 from the Defendant, and then received an additional $67,439.00 following the appraisal (a total of $140,423.75). However, the Defendant disputed and refused to pay the $14,500.00 designated by the umpire in the appraisal as being for the swimming pool.

Accordingly, the Plaintiff has moved to confirm the appraisal award and now seeks a judgment against the Defendant. The Defendant opposes the motion to confirm on the basis that:

> [T]he appraisal was not an arbitration, was not conducted pursuant to an agreement to arbitrate, and cannot be confirmed because the appraisal "award" merely set the amount of loss, without resolving all issues in dispute in this matter as a true arbitration contemplates.

---

[1] Recovery for living expenses is not at issue in this case, as the parties agree that the Plaintiff has not presented any invoices for reimbursement.

Defendant's Response at 1.  The outstanding $14,500.00 is the only amount still in dispute.

As an initial matter, despite the Defendant's assertions to the contrary, "the procedure that Florida courts use (and have seemingly used for more than thirty years) is to allow the insured to petition or move for confirmation of an appraisal award."  Three Palms Pointe, Inc. v. State Farm Fire and Cas. Co., 250 F. Supp. 2d 1357, 1362 (M.D. Fla. 2003), aff'd 362 F.3d 1317 (11th Cir. 2004).  In Three Palms Pointe, the district court found that "[t]here has been no change in the law with Suarez, and Florida Courts have repeatedly recognized confirmation of appraisal awards under the procedure contained in Florida's Arbitration Code."  250 F. Supp. 2d at 1362-63.[2]  Indeed, the Defendant here is making the same argument that State Farm made unsuccessfully in Three Palms Pointe, and the Defendant's assertions that that case was decided wrongly cannot succeed here because the Eleventh Circuit has affirmed the district court's decision in that case.

Indeed, in the opinion of the Eleventh Circuit, Florida law is clear "that if an insurer and an insured party go to appraisal, the insurer can only dispute coverage for 'loss as a whole.'"  Three Palms Pointe, 362 F.2d at 1317 (quoting State Farm Fire and Cas. Co v. Licea, 685 So. 2d 1285 (Fla. 1996)); see also Johnson v. Nationwide Mut. Ins. Co., 828 So.

---

[2] In Allstate Ins. Co. v. Suarez, 833 So. 2d 762, 765 (Fla. 2002), the Florida Supreme Court answered in the negative the question of whether an unambiguous provision for appraisal may be construed as an agreement to arbitrate the underlying dispute, and held that: "Once the trial court in this case found that the Suarezes properly invoked the appraisal clause and directed the parties to appraisal proceedings, the umpire correctly followed the trial court's ruling by refusing to proceed under the formal procedures of the Arbitration Code."  It should be noted that in Suarez the Florida Supreme Court affirmed the trial court's final judgment confirming the appraisal award in that case.  Id.

2d 1021, 1022 (Fla. 2002) ("We . . . hold that causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed."); Licea, 685 So. 2d at 1288 ("We interpret the appraisal clause to require an assessment of the amount of a loss. This necessarily includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes.").

At the hearing in this matter, the Defendants relied entirely upon Liberty Am. Ins. Co. v. Kennedy, 890 So. 2d 539, 541 (Fla. 2d DCA 2005),[3] in which the court found that the Eleventh Circuit had misinterpreted Florida law in Three Palms Pointe. The Kennedy court held that:

> Based on the controlling principles articulated in Licea, we conclude that in the underlying action here the submission of the claim to appraisal does not foreclose Liberty American from challenging an element of loss as not being covered by the policy. Only if a court determines that coverage exists for that element of loss will the amount of appraisal for that element of loss be binding on Liberty American.

Kennedy, 890 So.2d 541.  In so holding, the Kennedy court declared that the portion of the Licea opinion relied upon by the Eleventh Circuit was dictum. Id. at 541.

---

[3] The Court notes that although the Kennedy decision was issued on January 12, 2005, and the Defendant filed its Response on November 6, 2006, the Defendant first brought Kennedy to the Court's attention on February 21, 2007 - the day of the hearing on this matter.  Thus, the Defendant's Response makes no mention of the authority supporting its primary argument at the hearing.

Accordingly, the Court is faced with on-point decisions of the Florida Supreme Court, and conflicting interpretations of those decisions by the Eleventh Circuit and Florida's Second District Court of Appeal. This is not a case where the Florida Supreme Court has not spoken and this Court is faced with contradictory decisions of the Eleventh Circuit and the state's intermediate appellate court. In that circumstance, this Court would simply "follow [the] decisions of the state's intermediate appellate courts unless there [was] some persuasive indication that the highest court of the state would decide the issue differently." McMahan v. Toto, 311 F.3d 1077, 1080 (11th Cir. 2002). Here, faced with the peculiar divergence of authority on this issue, the Court believes that it is bound to follow the Eleventh Circuit's interpretation of Florida Supreme Court precedent absent an intervening decision to the contrary by the Florida Supreme Court or the Eleventh Circuit. Alternatively, this Court finds that "there is some persuasive indication" that the Florida Supreme Court would decide the issue differently than the Kennedy court. Specifically, that "persuasive indication" is the plain language of the Florida Supreme Court's prior decisions in Johnson and Licea - dismissed as dicta by the Second District Court of Appeal - and the Eleventh Circuit's interpretation of those cases in Three Palms Pointe.

Accordingly, this Court will follow the Eleventh Circuit's holding that "once an [appraisal] award has been made, the only defenses that remain for the insurer to assert are lack of coverage for the entire claim, or violation of one of the standard policy conditions (fraud, lack of notice, failure to cooperate, etc.)." Three Palms Pointe, 362 F.3d at 1319. Thus, although the Defendant asserted numerous affirmative defenses in its

Answer, now that an appraisal award has been made the Defendant may only rely upon those defenses to the extent that they assert a violation of one of the standard policy conditions - as the Defendant has already admitted that the loss is a covered loss.

The Defendant here appears to be relying solely upon its sixth affirmative defense by arguing that the loss to the swimming pool is not covered because that structure has not <u>actually incurred</u> any physical damage; a purported requirement under the contract of insurance.[4]  Indeed, it is undisputed that the appraiser awarded $14,500.00 for damages he <u>anticipated</u> the swimming pool would incur during repair of the residence.  The Defendant's asserted defense, however, does not fit into the narrow category of defenses available to an insurer following the issuance of an appraisal award.  As such, that affirmative defense is no longer available to the Defendant.  In addition - even if not abandoned - the Defendant's other affirmative defense are not ones which would survive an appraisal award.

The Defendant's argument that judgment is not appropriate at this point in the proceedings because "the appraisal only addresses the amount of the losses and not liability" is without merit.  As already stated, the Defendant has admitted that the loss at issue is covered and, although it would dispute this characterization, is now quibbling with only the amount of that loss.  Pursuant to the terms of the policy, the umpire settled the

---

[4] The Court does not reach the question of whether "a physical loss to the property" under the insurance policy includes damage that an appraiser determines will necessarily occur during repair of property damage to the dwelling, as was the case here.

question as to the amount of covered loss, and set forth his findings in the appraisal. Under applicable Eleventh Circuit precedent interpreting Florida law - and pursuant to the agreement of the parties - that appraisal is binding.  Presented with a binding appraisal award and no effective affirmative defenses to the Plaintiff's claim, the Court may properly confirm the appraisal award and enter judgment in favor of the Plaintiff.

Accordingly, upon due consideration, it is ordered that:

(1) Plaintiff Mark Muckenfuss' Motion to Confirm Appraisal Award and Entry of Judgment (Doc. 29) is GRANTED and the Clerk is directed to enter judgment in favor of the Plaintiff and against Defendant Hanover Insurance Co. in the amount of $14,500.00;

(2) the Court shall retain jurisdiction in this case to determine the issue of attorney fees and costs; and

(3) the Clerk is directed to terminate any pending motions and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 18th day of April, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record